IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ADAMS, #B89920, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:22-cv-01853-SMY |
| MENARD CORRECTIONAL CENTER, IDOC, and WEXFORD, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff John Adams, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 6): Plaintiff has suffered swelling and excruciating pain in his feet and legs for the past six months. He is in a wheelchair and is being refused the medical treatment he needs. He believes he has blood clots and wants to be sent to an outside specialist.

Based on the allegations in the Complaint, the Court designates the following claim[1] in this

---

[1] Any claim mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action

*pro se* action:

> Count 1: Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's serious medical needs related to swelling and pain in his feet and legs from February to August 2022.

### Preliminary Dismissals

As state agencies, IDOC and Menard Correctional Center are not subject to suit under § 1983 and are **DISMISSED** with prejudice. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

### Discussion

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Because Plaintiff brings his claims under § 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).

Here, Plaintiff fails to allege sufficient facts to state a viable constitutional claim against any individual and has not identified a Wexford policy or practice that caused an alleged violation of a constitutional right. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). As such, the Complaint fails to state a claim for relief.

### Request for Preliminary Injunctive Relief

Plaintiff initiated this case with a letter stating he is in need of immediate medical attention, which the Court construes as a motion for preliminary injunction (Doc. 1). In determining whether

---

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

to grant preliminary injunctive relief, the Court must consider whether Plaintiff is likely to succeed on the merits of his claims. *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020). Because the Complaint fails to state a claim, the Court cannot conclude that Plaintiff is likely to prevail on his claim. The motion is therefore **DENIED**.

## Disposition

Following preliminary review under 28 U.S.C. § 1915A, IDOC and Menard Correctional Center are **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties. The Complaint (Doc. 6) is **DISMISSED without prejudice** for failure to state a claim for relief.

Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 1) is **DENIED**.

Plaintiff is **GRANTED** leave to file a First Amended Complaint by **October 24, 2022**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A. Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 22-1853). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged

unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff should attach any exhibits that he wishes to submit with the First Amended Complaint.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. A dismissal on the grounds that a Complaint is legally frivolous, malicious, or fails to state a claim for relief qualifies as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 26, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
