IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ADAMS, #B89920, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-01853-SMY |
| | ) |
| ROB JEFFREYS, | ) |
| ANTHONY WILLS, | ) |
| MICHAEL MOLDENHAUER, | ) |
| and AMY LANG, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint filed by Plaintiff John Adams pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Menard Correctional Center. (Doc. 20). The Court is required to screen and dismiss any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

## Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 20, pp. 8-11): Plaintiff is an elderly inmate[1] who complained of swelling, itching, and burning pain in his legs and feet for three years at Menard. His health deteriorated rapidly in 2022 when he developed

---

[1] According to the Illinois Department of Corrections' Inmate Locator, Plaintiff will soon turn 75 years old. *See* https://idoc.illinois.gov/offender/inmatesearch (site last visited April 19, 2023); *Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (court may judicially notice public records on government websites) (collecting cases).

cellulitis.[2] This condition was marked by sores on his legs and feet that swelled, "bu[r]st open," and "ooze[d] infection." (*Id*. at 9). Plaintiff's condition became so serious that "any lay person c[ould] tell that Plaintiff [wa]s in excruciating pain and [wa]s in dire need of emergency medical attention and treatment." (*Id*.). Even so, Defendants refused to provide him with medical care because Plaintiff was identified as a member of Menard's "soon to be dying population" that is systematically refused medical care due to advanced age. (*Id*. at 10).

Nurse Amy Lang ignored most sick call requests from Plaintiff. When she did respond, she showed no compassion, calling Plaintiff a "big baby" who was just wasting her time. (*Id*. at 9). In response to one request for a toenail trimming on January 17, 2022, the nurse instructed another inmate to cut Plaintiff's nails "down into the quick," and the inmate cut his nails until they bled. (*Id*.). In response to Plaintiff's complaints of swelling, pain, infection, numbness, tingling, and oozing puss associated with his cellulitis between January and August 2022, Nurse Lang told Plaintiff that "he was full of bull shit" and simply seeking pain medication. (*Id*.).

Nurse Practitioner Michael Moldenhauer responded to Plaintiff's requests for medical care with surprise that he was still alive, exclaiming, "You haven't died yet? I thought you would have been dead by now." (*Id*. at 8). Moldenhauer routinely denied Plaintiff's requests for treatment by explaining that "Illinois is broke" and "Menard" will not pay to send an elderly inmate for outside treatment. (*Id*.). Even after informing Plaintiff that his legs and feet would likely require amputation due to the severity of his infection on August 24, 2022, Moldenhauer laughed when he began to cry from this news and only offered him ibuprofen. (*Id*. at 10). The nurse practitioner then told Plaintiff that he should have seen a foot specialist and neurologist "a long time ago," and

---

[2] Cellulitis is a common bacterial skin infection that causes localized swelling, redness, and pain near the site of infection. Left untreated, it can spread and cause serious health problems. *See* https://www.cdc.gov (April 19, 2023).

he would have received medical treatment if he was "younger and going home soon." (*Id*. at 8). Moldenhauer explained that "Menard doesn't get in a hurry [to] pay[ ] for expensive medical care for someone Plaintiff's age." (*Id*.).

Defendants "treated" Plaintiff's condition ineffectively with a wheelchair, physical therapy, and ibuprofen. Plaintiff required a wheelchair to mobilize. Although he used this device whenever one was available, Plaintiff was frequently told that no working wheelchair was available for his use. Without one, he could not participate in normal daily activities at the prison. Even as his health declined in 2022, Defendants continued to deny Plaintiff's requests for treatment with an outside specialist and sent him to physical therapy instead. When Plaintiff tried to stand on his swollen and infected legs, his skin "bu[r]st open leaking puss and infection." (*Id*. at 10). Defendants offered him ibuprofen for his pain and nothing more.

Plaintiff maintains that he was singled out for mistreatment. He identified two other inmates on his wing who were sent outside the prison on medical furloughs, even while he was denied access to outside medical treatment. (*Id*. at 11).

Based on the allegations, the Court designates the four claims[3] in the Amended Complaint:

**Count 1:**   Eighth Amendment deliberate indifference claim against Defendants for failing to provide Plaintiff with adequate medical care for his swollen and infected legs and feet even after he developed cellulitis in 2022.

**Count 2:**   Eighth Amendment deliberate indifference claim against Defendants for Menard's policy, custom, or practice of denying medical care to the "soon to be dying population."

---

[3] Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

**Count 3:**   Fourteenth Amendment claim against Defendants for denying Plaintiff equal protection of the law by singling him out for a denial of outside medical care due to his advanced age.

**Count 4:**   Americans with Disabilities Act and/or Rehabilitation Act claim against Defendants for denying Plaintiff use of a wheelchair when he required one to mobilize and participate in daily programs and activities at Menard.

## Preliminary Dismissals

To state a § 1983 claim, Plaintiff must allege that each individual was personally involved in an alleged constitutional deprivation. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Plaintiff names IDOC Director Robert Jeffreys and Warden Anthony Wills as defendants but makes no allegations against them and asserts no claim against them based on their authority to establish, alter, or implement policies and procedures. Jeffreys and Wills cannot be held liable for the actions of their subordinates, as the doctrine of *respondeat superior* does not apply to § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, Jeffreys shall be dismissed without prejudice from this action in his individual and officials capacities; Wills shall be dismissed in his individual capacity and remain named in his official capacity to implement any injunctive relief ordered.[4]

## Discussion

### Count 1

Plaintiff first claims he was denied adequate medical care for his cellulitis and related pain. Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they respond to an inmate's serious medical needs with deliberate

---

[4] When injunctive relief is sought, it is appropriate to name the government official who is responsible for carrying out the requested relief, in his or her official capacity. In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

indifference. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To pursue a claim of inadequate medical care under the Eighth Amendment, a prisoner must allege facts showing that (1) he suffered from an objectively serious medical condition; and (2) each defendant acted with deliberate indifference to his medical needs. *Id*. Plaintiff's allegations suggest that he suffered from a serious medical need (*i.e.*, cellulitis and related pain) and two defendants (*i.e.*, Amy Lang and Michael Moldnehauer) responded with deliberate indifference. Count 1 survives review against Lang and Moldenhauer.

### Count 2

Plaintiff next claims that Menard had a policy, custom, or widespread practice of denying medical care to its "soon to be dying population" that resulted in the denial of his medical care in violation of the Eighth Amendment. However, he identifies no defendant in his or her official capacity or any defendants who were policymakers with final decision-making authority, responsible for the policy of refusing medical care to older inmates, and deliberately indifferent to a known risk of harm to the older inmate population. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 698 (1978) (articulating standard for municipal liability under § 1983); *Holmes v. Sheahan*, 930 F.2d 1196 (7th Cir. 1991) (analyzing Eighth Amendment claim arising from jail's policy, custom, or practice of denying treatment for painful skin condition). Count 2 will be dismissed without prejudice for failure to state a claim against any defendants.

### Count 3

Plaintiff claims that he was singled out for denial of medical care because of his "advanced" age and no legitimate penological reason. A Fourteenth Amendment claim for discrimination under the Equal Protection Clause generally requires a plaintiff to show: (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class; and (3)

Page **5** of **10**

he was treated differently than members of the unprotected class. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). Absent discrimination based on membership in a protected class, an equal protection claim may arise in this context where a plaintiff is treated differently from other similarly situated prisoners with no rational basis for the difference in treatment. *Village v. Willowbrook v. Olech*, 528 U.S. 562 (2000).

Count 3 may proceed under both theories against Amy Lang and Michael Moldenhauer based on their decision to deny Plaintiff outside medical care based on no other apparent reason than his age. *But see Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 84 (2000) ("States may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest.").

**Count 4**

Plaintiff claims he was unable to participate in daily activities when he was denied access to a working wheelchair at Menard. Although he did not assert a claim against any defendant under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act ("Rehab Act"), 29 U.S.C. §§ 794–94e, the Court is required "to analyze a litigant's claims and not just legal theories that he propounds." *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2010).

A claim under the ADA and Rehab Act are functionally identical. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Under both, Plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Under the Rehab Act, the relevant state agency must also accept federal funds. *Jaros*, 684 F.3d at 671.

Plaintiff does not allege that he is a qualified person with a disability or identify any

program or activity he was denied because of his disability. He also fails to name the proper defendant, which is the relevant state department, agency, or its director in his or her official capacity. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2. Accordingly, Count 4 will be dismissed without prejudice.

### Injunctive Relief

Plaintiff seeks an injunction in his request for relief, and the Court generally interprets such requests as being for injunctive relief *at the close of the case*. (*See* Doc. 20, p. 12). The Court notes, however, that Plaintiff commenced this action by filing a Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc. 1). Although the motion was denied, Plaintiff may file a new motion at any time it becomes necessary during this action. *See* FED. R. CIV. P. 65. There, Plaintiff should set forth the exact relief he requires and the facts that support his request for this relief. Warden Anthony Wills remains named as a defendant, in his official capacity, for purposes of carrying out any injunctive relief ordered in this case.

### WARNING: Consent/Non-Consent to Proceed Before Magistrate Judge

Plaintiff was previously directed to file a Notice and Consent to Proceed Before A Magistrate Judge Jurisdiction Form, indicating consent to proceed before the Magistrate Judge or an affirmative declination to consent on August 15, 2022. (Doc. 2). When the time for doing so passed, he was given an extension of this deadline. (Doc. 9). In spite of this extension and warning of possible sanctions, Plaintiff ignored the Court's directive by not returning the form. He also ignored the Court's Order to Show Cause why sanctions should not be imposed for failure to file the attached form as required under Administrative Order No. 257. (Doc. 13). More than seven months have passed since the show cause deadline expired, and Plaintiff has taken no step to return the form. **Plaintiff faces dismissal of this action if he does not file the form by May 12, 2023.**

**Disposition**

**Plaintiff is ORDERED to complete, sign, and return his Notice of Consent/Non-Consent to Proceed Before Magistrate Judge on or before MAY 12, 2023.  He is WARNED that failure to do so by this deadline will result in dismissal of this action for failure to comply with the Court's Orders (Docs. 2, 9, and 13).** *See* **FED. R. CIV. P. 41(b).**

Portions of the Amended Complaint (Doc. 20) survive screening pursuant to 28 U.S.C. § 1915A and shall proceed as follows: **COUNTS 1** and **3** will proceed against **Amy Lang** and **Michael Moldenhauer**, in their individual capacities.  **Anthony Wills** shall remain named as a defendant, in his official capacity, for purposes of carrying out any injunctive relief ordered herein.

The following claims and defendants are dismissed: **COUNTS 2** and **4** are **DISMISSED** without prejudice; and **DEFENDANTS Rob Jeffreys (individual and official capacities)** and **Anthony Wills (individual capacity)** are **DISMISSED** without prejudice.

The Clerk shall prepare for **AMY LANG, MICHAEL MOLDENHAUER**, and **WARDEN ANTHONY WILLS (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 20), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**Consistent with the above, the Clerk of Court is DIRECTED to TERMINATE Defendant Rob Jeffreys; ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act; and SEND Plaintiff a blank Notice of Consent/Non-Consent to Proceed Before Magistrate Judge and Motion to Recruit Counsel.**

IT IS SO ORDERED.

DATED:   April 24, 2023            *s/ Staci M. Yandle*
                                    **STACI M. YANDLE**
                                    **United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.