IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN ADAMS, #B89920,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )     Case No. 22-cv-01853-SMY |
| | ) |
| **ANTHONY WILLS,** | ) |
| **AMY LANG, and** | ) |
| **MICHAEL MOLDENHAUER,** | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court for consideration of motions for summary judgment filed by Defendants Anthony Wills and Amy Lang (Doc. 46) and Defendant Michael Moldenhauer (Doc. 49). Defendants seek dismissal of the claims against them based on Plaintiff's failure to exhaust his available administrative remedies before filing suit, in violation of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. For the following reasons, Defendants' motions are **GRANTED**, and Plaintiff's Motion to Supplement (Doc. 55) the record with briefing on the merits is **DENIED**.

### Background

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 for constitutional deprivations stemming from the alleged denial of medical care for his swollen and infected legs even after he developed cellulitis at Menard Correctional Center in January 2022. (Doc. 1). In an Amended Complaint filed October 19, 2022, Plaintiff alleges that he endured three years of inadequate medical care at Menard. (Doc. 20, p. 8, ¶ 1; Doc. 50, ¶ 3). He describes sores that swelled and eventually "bust[ed] open and ooz[ed] infection." *Id*. He claims that Defendants refused to

provide him with any medical care because they identified him as a member of the prison's "soon to be dying population." (Doc. 20, p. 10, ¶ 10; Doc. 50, ¶ 6). Nurse Practitioner Moldenhauer allegedly denied his requests for treatment because Illinois is "broke." (Doc. 20, p. 8, ¶ 3; Doc. 50, ¶ 7). When Moldenhauer announced that his legs and feet would likely need amputation on August 24, 2022, Plaintiff began to cry. (Doc. 20, p. 10, ¶ 7; Doc. 50, ¶ 8). Moldenhauer laughed and offered him ibuprofen. *Id*. Plaintiff maintains that Defendants treated his serious condition ineffectively with ibuprofen, physical therapy, and a wheelchair. (Doc. 20, p. 10, ¶¶ 8-9; Doc. 50, ¶ 12).

Plaintiff asserted four claims against the defendants in the Amended Complaint for discrimination based on his advanced age and inadequate medical care for his condition. (Doc. 20). Following preliminary review pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with two claims:

| | |
|---|---|
| **Count 1:** | Eighth Amendment deliberate indifference claim against Defendants Lang and Moldenhauer for denying Plaintiff adequate medical care for his swollen and infected legs and feet even after he developed cellulitis in 2022. |
| **Count 3:** | Fourteenth Amendment claim against Defendants Lang and Moldenhauer for denying Plaintiff equal protection of the law by singling him out for a denial of outside medical care due to his advanced age. |

(Doc. 21).

Defendants move for summary judgment on both claims based on Plaintiff's failure to exhaust his administrative remedies before bringing suit against them. (Docs. 46 and 49). They argue that Plaintiff did not submit a single grievance in accordance with the IDOC grievance procedure and Illinois Administrative Code. Plaintiff opposes both motions, but does not dispute any material facts presented by Defendants.[1] (Doc. 54).

---

[1] In a Rule 56 Notice entered when Defendants filed their motion for summary judgment, the Court explained that "[i]f a party fails . . . to properly address another party's assertion of fact" in a motion for summary judgment, the

## UNDISPUTED MATERIAL FACTS

For purposes of the pending motions, the following facts are not in dispute (*see* Docs. 47, 50, and 54): Plaintiff was an inmate in IDOC custody and housed at Menard Correctional Center at all times relevant to this action. (Doc. 47, ¶ 1; Doc. 50, ¶ 1). During this same time period, the IDOC had an administrative grievance process in place that is described below, and Plaintiff was aware of the process. (Doc. 50, ¶ 2). From the date of his alleged diagnosis in April 2020 until the date he filed his Amended Complaint in October 2022, Plaintiff submitted no grievances to complain of discrimination or denial of medical care for this serious condition to the Administrative Review Board (ARB). (Doc. 47, ¶¶ 5-6).

Defendants found one grievance Plaintiff filed against Moldenhauer on November 24, 2020. (Doc. 50, ¶ 13). In it, Plaintiff complained that Moldenhauer saw him on several occasions but did not treat the swelling in his legs. *Id*. A counselor received the grievance December 7, 2020 and denied it. *Id*. at ¶ 14. The counselor concluded that Plaintiff had not sought treatment for leg swelling with Moldenhauer. *Id*. There is no evidence or record of any further action to pursue this grievance or to file other grievances. *Id*. at ¶ 15.

For his response, Plaintiff submitted an excerpt from his amended complaint that lists grievances he placed in the prison's grievance box by date on May 7, 2022, June 14, 2022, July 28, 2022, August 5, 2022, and September 2, 2022. (Doc. 54) (citing Doc. 20, p. 7). Based on the advice of fellow inmates, Plaintiff prepared two additional grievances for mailing directly to "Springfield" on October 6, 2022 and October 13, 2022. *Id*. He planned to send another on

---

Court may "consider the fact undisputed for purposes of the motion" pursuant to Rule 56(e)(2) of the Federal Rules of Civil Procedure (Doc. 48). Because Plaintiff disputes none of Defendants' proposed undisputed material facts, the Court accepts them as undisputed. *See* FED. R. CIV. P. 56(e).

3

October 20, 2022. *Id*. Plaintiff states that he kept copies but received no responses. He did not summarize the contents or provide copies. *Id*.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the prisoner. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

Generally, on summary judgment, the district court's role is not to weigh evidence or judge witness credibility. However, a different standard applies when deciding a motion for summary judgment on the issue of exhaustion. *Pavey v. Conley*, 544 F.3d 739, 739-41 (7th Cir. 2008). The Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *See Pavey*, 544 F.3d at 742. After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Pavey*, 544 F.3d at 742). No hearing is required if no material facts are disputed. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only legal questions"). Here, both motions can be resolved without a *Pavey* hearing because there are no genuine issues of material fact in dispute.

Under the Prison Litigation Reform Act, a prisoner may not bring a lawsuit concerning prison conditions unless and until he has exhausted all available administrative remedies.

4

42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740.  "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).  For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.  Exhaustion must occur before suit is filed.  *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

An inmate in IDOC custody must follow the grievance process described in the Illinois Administrative Code.  20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017).  The regulations require an inmate to file his grievance with his counselor within sixty days of the incident, occurrence, or problem giving rise to the grievance.  20 ILL. ADMIN. CODE § 504.810(a).  If the complaint is not resolved through the counselor, the grievance must be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the CAO.  20 ILL. ADMIN. CODE § 504.830(e).  The CAO then provides the inmate with a written decision on the grievance.  *Id*.  If the inmate is not satisfied with the CAO's response, he files an appeal with the IDOC Director through the ARB.  20 ILL. ADMIN. CODE § 504.850(a).  The ARB must receive the appeal within thirty days of the date of the CAO's decision.  *Id*.  The inmate must attach copies of responses from the grievance officer and CAO to his appeal.  *Id*.  The ARB submits a written report of its findings and recommendations to the Director, who then makes a final determination.  20 ILL. ADMIN. CODE § 504.850(d), (e).

An inmate may file an emergency grievance using an alternative procedure.  20 ILL. ADMIN. CODE § 504.840.  He may submit an emergency grievance directly to the CAO.  *Id*.  If deemed an emergency due to a substantial risk of imminent personal injury or other serious or

5

irreparable harm, the grievance is expedited for processing. *Id*. If the CAO determines that a grievance should not be handled on an emergency basis, the grievance is denied as a non-emergency, and the offender is notified, in writing, that he or she may resubmit the grievance in accordance with the standard grievance procedure. 20 ILL. ADMIN. CODE § 504.840(c).

Alternatively, an inmate may file a grievance directly to the ARB when addressing the following issues: (1) decisions regarding protective custody placement, including continued placement in or release from protective custody; (2) decisions regarding the involuntary administration of psychotropic medication; (3) decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned; or (4) other issues that pertain to a facility other than the facility where the offender is currently assigned, excluding personal property and medical issues. 20 ILL. ADMIN. CODE § 504.870, amended at 41 Ill. Reg. 3869, effective April 1, 2017.

Based on the undisputed evidence in the record, the Court finds that Plaintiff did not use the grievance process to exhaust his available administrative remedies before filing suit. With respect to Plaintiff's grievance against Moldenhauer, after submitting it to a counselor on or around November 24, 2020, Plaintiff took no other steps to appeal the grievance before or after it was denied. (Doc. 50, ¶ 14). Defendants found no evidence of additional efforts to exhaust, and Plaintiff did not offer any.

Plaintiff's mere assertion that he submitted five other grievances does not overcome summary judgment, absent additional information. *See Devbrow v. Gallegos*, 735 F.3d 584 (7th Cir. 2013) (finding prisoner's own conclusory assertions in verified complaint insufficient to overcome summary judgment). In response to summary judgment, Plaintiff submitted an unverified 3-page excerpt from his amended complaint that mentions grievances dated May 7,

6

2022, June 14, 2022, July 28, 2022, August 5, 2022, and September 2, 2022. (Doc. 54) (citing Doc. 20, p. 7). Plaintiff states that he kept copies of each one, but did not produce them with his amended complaint or his response. He did not describe them or summarize them. Thus, it is unclear what he grieved, to whom he grieved, when he grieved, or what process he used to grieve. He failed to include them with an affidavit, verified complaint, or other form of admissible evidence describing the contents of each grievance and any response he received.

Finally, Plaintiff's grievances dated September 2, 2022, October 6, 2022, and October 13, 2022—including all of those he sent directly to the ARB—post-date his filing of this action on August 15, 2022. (Doc. 1). Under the PLRA, a prisoner must exhaust administrative remedies *before* filing suit. *Chambers v. Sood*, 956 F.3d 979 (7th Cir. 2020). A "'sue first, exhaust later' approach is not acceptable." *Id*. (quoting *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004)). Whether filed at the institution or directly with the ARB, these grievances do not save Plaintiff's claims. Accordingly, Defendants' motions for summary judgment will be granted.

## CONCLUSION

The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Anthony Wills and Amy Lang (Doc. 46) and Defendant Michael Moldenhauer (Doc. 49) are **GRANTED**. **COUNTS 1** and **3** are **DISMISSED** without prejudice. Because this case does not survive summary judgment on the issue of exhaustion, Plaintiff's Motion to Supplement (Doc. 55) with briefing on the merits of his claims is **DENIED**. As no claims remain pending, this case is **DISMISSED** without prejudice.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues he plans to present on appeal. *See* FED. R.

APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, he may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 11, 2024**

                                                   s/ *Staci M. Yandle*
                                                   **STACI M. YANDLE**
                                                   **United States District Judge**